**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

E.P.O.,

Petitioner,

v.

Warden, IRWIN COUNTY DETENTION CENTER, *et al.*,

Respondents.

Case No. 7:26-cv-325-WLS-ALS

**ORDER**

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on October 20, 2026. (ECF No. 1). On October 26, 2026, the Court ordered Respondents to file a return under 28 U.S.C. § 2243 within seven days. (ECF No. 3). Respondents filed their Return on November 2, 2026. (ECF No. 4). Respondents assert that Petitioner is detained under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and concede that he is entitled to a bond hearing under the cases cited in the Court's Order. (ECF Nos. 4 at 1; 4-1 at 2). Respondents note that Petitioner already has a bond hearing scheduled for November 6, 2026. (ECF No 4 at 1). They ask the Court to direct the immigration court to apply the burden-shifted framework from *D.Y.E.H. v. Warden*, No. 7:25-cv-201, 2026 WL 1230386 (M.D. Ga. Apr. 6, 2026) under which the Department of Homeland Security must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. (ECF Nos. 4 at 1–2; 4-1 at 2).

The Court may apply Rule 4 of the Rules Governing § 2254 cases in this action. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which addresses petitions under 28 U.S.C. § 2254]."). Under Rule

4, if a petition is not dismissed on preliminary review, then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." § 2254 Rule 4. Applying Rule 4, the Court issues the following order.

The Parties concede that this case involves the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). In those cases, the Court concluded that for noncitizens "who are found in the country unlawfully and are arrested" without having been inspected by an examining immigration officer, then "an immigration officer or immigration judge has the discretion" under 8 U.S.C. § 1226(a) to grant them release on bond unless a statutory exception applies under 8 U.S.C. § 1226(c). *J.A.M.*, 2025 WL 3050094, at *3; *P.R.S.*, 2025 WL 3269947, at *1-*2. Mandatory detention under 8 U.S.C. § 1225(b)(2) "is not authorized" in such cases. *P.R.S.*, 2025 WL 3269947, at *2. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1281 (11th Cir. May 6, 2026) (finding 8 U.S.C. § 1225(b)(2) only applies to those aliens "who have not yet entered the United States, but are 'seeking admission' at the border").

Based upon the rationale of *J.A.M.* and *P.R.S.*, Respondents in this action are hereby **ORDERED** to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. The bond hearing shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020). Once a bond hearing is provided, Petitioner will have received the remedy that the Court is

authorized to order, and Petitioner should file a notice of dismissal.

**SO ORDERED**, this 5th day of November, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE